EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

T. MARZETTI COMPANY et al., Defendants.

Civ. A. No. 75–499.

United States District Court, S. D. Ohio, E. D.

Jan. 16, 1976.

Marianne R. Smigelskis, Joseph H. Mitchell, Chicago, Ill., for plaintiff.

Michael P. Mahoney, Columbus, Ohio, Bruce E. Pence, Dayton, Ohio, for defendants.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

Defendant T. Marzetti Company's motion to dismiss, the briefs and documents of counsel, and evidence adduced at hearing have given rise to the three concerns that the Court addresses hereinafter.

### I

*Notice of the Filing of the Charge*

Earnest Moncrief filed a charge of racial discrimination against the T. Marzetti Company with plaintiff. The Company insists that it was not noticed of the filing of the charge as called for by Section 706(b) of Title VII [42 U.S.C. § 2000e–5(b)] which states:

Whenever a charge is filed by . . a person claiming to be aggrieved . . . the Commission shall serve a notice of the charge . . . on such employer within ten days . .

The Moncrief charge was received by the Cleveland Office of EEOC on December 23, 1970. The 1972 amendment, effective March 24, 1972, permitting the EEOC to sue, was made applicable to charges then pending. Pub.L. No. 92–261 § 14, 86 Stat. 103 (Mar. 24, 1972). The 10-day time period set forth in Section 2000e–5(b) therefore began to run on March 24, 1972. The Commission claims, and affidavits on file tend to substantiate, that a notice of Moncrief's charge was mailed to the defendant company. On March 29 the notice was mailed to 3838 Indiana Avenue, Columbus, Ohio, rather than to 3838 Indianola Avenue, Columbus, Ohio, the correct address of Marzetti. The Commission claims its records reveal that the letter of notice was mailed in an envelope with its return address, and further that the records do not indicate the letter was returned to the sender.

Marzetti claims that it has no knowledge of the receipt of the notice, that the person who would have received the letter in the then normal operation of the company is now deceased, and that if he had received the letter and if normal business procedure were followed other persons at the company would have been advised of the charge by the now deceased employee.

The Commission presented the testimony of Homer Burke, director of mail processing for the Columbus Post Office. He described the procedure used when a letter is incorrectly addressed.[1] If the postman is unable to deliver such a letter because he is unaware of the correct location of the addressee, then the letter is returned to the post office and given to persons known as reviewers. A reviewer, by using his training and experience, is often able to locate the proper address. If so, then the letter is delivered; if not, the letter is returned to its sender. The success of a reviewer in causing a proper delivery is dependent on his expertise and the difficulty of the problem presented. Burke, of course, had no personal knowledge of the fate of the letter here in question.

As the Court understands plaintiff's contentions, it claims that either through an inference from the facts or through the availability of a presumption there is proof that notice was received by Marzetti. Assuming the plaintiff's facts to be true, an inference of delivery would be unreasonable. Reaching such a result would require an improper stacking of inferences. I am unaware of any authority for a presumption arising to bridge the evidentiary gap present here. The fact that there is no record of an incorrectly addressed letter, bearing a return address, ever being returned to the sender, raises no pre-

---

1. The error in the address is readily discernible since there are no street numbers as high as 3838 on Indiana Avenue in Columbus, Ohio.

sumption, in my opinion, that the letter was in fact delivered to the proper address.

█ Concluding, as I do, that the notice requirement of 42 U.S.C. § 2000e–5(b) has not been specifically complied with, does this defeat the Court's jurisdiction?

As amended in 1972, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, permits a civil action by the plaintiff Commission properly based on or growing out of a charge filed with the Commission by an individual.

When before the 1972 amendments individuals brought suit after having filed charges with the Commission, it was generally held that the Commission's failure to notify an employer of the filing of the charge as called for by Section 2000e–5(b) was not a jurisdictional prerequisite. See *Johnson v. ITT–Thompson Industries, Inc.,* 323 F.Supp. 1258 (N.D.Miss.1971); *Brown v. Twin County Electric Power Assn.,* 3 EPD ¶ 8163 (N.D.Miss.1970). These cases reflect two theories supporting a holding that compliance with the notice requirement is not jurisdictional. First, it could not have been legislatively contemplated that an individual's right to court access could be defeated by a Commission omission, and secondly, it is relatively clear that Congress did not intend that the Commission's conciliation efforts be a jurisdictional prerequisite of a Title VII suit. See *Beverly v. Lone Star Lead Construction Co.,* 437 F.2d 1136 (5th Cir. 1971); *Miller v. International Paper Co.,* 408 F.2d 283 (5th Cir. 1969). Presently, however, the Commission itself may sue, and conciliation efforts are *necessary* pre-suit endeavors.

In *EEOC v. Kimberly-Clark Corp.,* 511 F.2d 1352 (6th Cir. 1975) the controversy was over a failure to receive a notice of the failure of conciliation as required under EEOC regulations, 29 C.F.R. §§ 1601.23, 1601.25. Defendant Kimberly-Clark in a lawsuit filed by EEOC was confronted with original charges filed with EEOC by three groups: the "Meek group", the "Dunavan group", and the "Williams group". Judge Celebrezze stated at page 1360 as follows:

The EEOC should, of course, follow its own procedures as it conciliates charges, in the hopes of avoiding suit. Notice that conciliation has failed gives an employer 'one last chance to alter its position with regard to the issues being discussed during conciliation with the knowledge that the statutory scheme provides for litigation as the next step.' *EEOC v. Louisville & N. R. R.,* 368 F.Supp. 633, 638 (N.D. Ala.1974), rev'd., 505 F.2d 610 (5th Cir. 1974).

The lack of notice that conciliation had failed on the 'Williams group' charges, however, did not prejudice Appellee. The record shows that Appellee was given a proposed conciliation agreement on these charges but rejected it. Thereafter, conciliation continued on the Dunavan and 'Meek group' charges, but was similarly unproductive. On December 4, 1972, notice was sent that conciliation had failed on the Dunavan and 'Meek group' charges. Thus, Appellee was apprised of the imminence of suit concerning sex discrimination charges prior to Appellant's suit. It suffered no significant prejudice by not being notified of the failure of conciliation on the 'Williams group' of charges as well, since these charges concerned substantially identical issues of company practices.

When an agency neglects to follow a procedural rule but its failure inflicts no significant injury on the party entitled to observance of the rule, the error does not prevent further administrative or judicial action. Instead, the error should be considered harmless. (Citations omitted.)

Obviously, the *Kimberly-Clark* facts are distinguishable from the facts of the case at bar. What is significant, however, is that the Court in *Kimberly-Clark* interpreted Congressional intent in amending Title VII in 1972 to require and encourage conciliation prior to an EEOC suit. *EEOC v. Kimberly-Clark*

*Corp., supra* at 1357. The Court, after emphasizing the importance of conciliation in the new statutory scheme, nevertheless refused to hold that a failure to notice a defendant of conciliation impasse was a jurisdictional defect if sufficient harm did not result from the Commission's noncompliance with the regulation.

Notice of a failure of conciliation is of paramount importance. If a defendant is unaware that the EEOC claims a conciliation failure and a suit is filed, then there appears to be no way to avoid suit by conciliation, assuming that there in fact had been no effort to conciliate by EEOC. When noticed, a defendant, if no conciliation effort has been made, may insist on such an effort, or, if an effort has been made, and it failed, a person against whom the charge has been made may choose to make further adjustments rather than be sued. Therefore, this notice is extremely important; yet the Sixth Circuit instructs that a test for prejudice should be utilized.

In evaluating the importance of the notice of the filing of an individual's original charge, it does not logically follow that the notice of the filing of the charge is of more importance to the orderly achievement of the legislative purpose than the notice of failure to conciliate. It would be incongruous to hold that failure of the letter notice should be tested for prejudice while failure of the Section 2000e–5(b) notice should be held to be a jurisdictional necessity.

Marzetti maintains its first notice of the Moncrief charge was April 30, 1973. Plaintiff has submitted the affidavit of William C. Betcher, Southeast Regional Director of the Ohio Civil Rights Commission (OCRC). He states that the Moncrief charge was deferred to OCRC by the EEOC, and that on December 30, 1970, he sent a copy of the charge affidavit to the company. The affidavit further recites that he met with Mr. Lager and other company officials concerning Moncrief's claims of racial discrimination on February 19, 1971.

Moncrief charged that after being injured while employed by Marzetti he was medically released for light work, but was refused a light duty job because of his race. After investigation the EEOC determined that there was not reasonable cause to believe Moncrief was the victim of racial discrimination. However, by its determination dated October 16, 1973, plaintiff found sex discrimination which it claims to be like or related to Moncrief's charge.

Looking at this new aspect of Moncrief's original charge and considering all other matters presented, the Court is unable to perceive the nature of the harm to Marzetti. For the purpose of determining jurisdiction and whether the complaint sets forth facts forming a basis for relief, the Court finds no prejudice which requires that the motion to dismiss be sustained.

## II

Defendant Marzetti claims that on January 24, 1974, Davis, an EEOC conciliator, called and demanded that Moncrief be given a position and insisted this was necessary, offering no alternative. Lazar, Marzetti's general counsel, testified that long before this conversation with Davis, Moncrief had returned to work for a period of time and then departed for unknown reasons and never returned. Lazar concluded that under these circumstances, Davis' insistence that Moncrief be returned to work as an absolute first requirement to further discussion in effect amounted to an EEOC failure to attempt conciliation. Davis, on the other hand, stated he made a good faith effort to attempt conciliation, but Lazar was opposed to any conciliatory action.

The Court believes that at this point in this proceeding there is sufficient evidence from which a reasonable fact finder could determine that a sufficient conciliation effort has been made by plaintiff. The Court finds in this instance that the conflict over whether or not there was a conciliation effort remains a fact question, but not such that it under-

mines this Court's jurisdiction to allow plaintiff to attempt to prove its case.

### III

 EEOC may sue on a charge filed with it by an individual, or on a charge like or reasonably related to and growing out of the original charge. See *King v. Georgia Power Company,* 295 F.Supp. 943 (N.D.Ga.1968). In *Sanchez v. Standard Brands,* 431 F.2d 455, 466 (5th Cir. 1970) the Court stated:

> [T]he 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.

Plaintiff should have the opportunity to prove that its sex discrimination contention is properly related to Moncrief's original charge. Nothing the Court has heard or read convinces it that no set of facts can be presented from which one could reasonably find the requisite likeness or relatedness. Plaintiff's allegations together with other matters presented sufficiently warrant that this issue survive defendant's motion.

The parties should be mindful that the Court today rules on a motion to dismiss. The issues herein discussed are significant threshold questions with some jurisdictional overtones. Lawsuits brought by the EEOC will often present some of the issues that now concern us. Caution and common sense require that factual conflicts must be resolved utilizing weight and credibility tools. Indeed, it would be judicially awkward to try such issues plenarily before trial.

The motion is denied as to all branches.

Is is so ORDERED.