**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff–Appellant,**

v.

**MAGNOLIA ELECTRIC POWER ASSOCIATION, Defendant–Appellee.**

No. 79–2166.

United States Court of Appeals, Fifth Circuit. Unit A

Jan. 26, 1981.

---

Philip B. Sklover, Issie L. Jenkins, Acting Gen. Counsel, Joseph T. Eddins, Assoc. Gen. Counsel, Beatrice Rosenbert, Asst. Gen. Counsel, EEOC, Washington, D. C., for plaintiff–appellant.

Fuselier, Ott, McKee & Flowers, M. Curtis McKee, Dalton McBee, Jr., Jackson, Miss., for defendant–appellee.

Before WISDOM, GARZA and REAVLEY, Circuit Judges.

GARZA, Circuit Judge:

This lawsuit was brought by the Equal Employment Opportunity Commission (EEOC) under Section 706(f)(1) and (3) of Title VII, Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.* against Magnolia Electric Power Association (MEPA), the International Brotherhood of Electrical Workers (IBEW) and Local Union 605, IBEW. MEPA was charged with unlawful employment practices and IBEW and Local Union 605 were named as interested party defendants pursuant to Rule 19(a)(2) of the Federal Rules of Civil Procedure.

The charge upon which this suit was founded was filed with the EEOC by James Holmes, a black employee of MEPA, on June 15, 1972. Holmes charged allegations of discrimination by race and sex and listed MEPA, IBEW and Local 605 as the discriminating parties (respondents). Shortly after filing the charge, Holmes filed a supporting affidavit containing six accusatory paragraphs; the last two state as follows:

> The Company union in my opinion does not fairly represent black employees who are on probationary status. The union has a policy where a new employee must be employed for at least six months before they are eligible to become members. Prior to their six months of employment they are generally terminated.

> I feel that blacks as a race are denied opportunities for economical advancements because of the company's and the union's unequal treatment.

MEPA was notified that a charge of employment discrimination had been filed against it by an EEOC "notice of charge" letter dated June 16, 1972. The EEOC investigated the charges and, on August 8, 1973, issued a letter of determination stating there was reasonable cause to believe MEPA had engaged in unlawful employment practices including discriminatory hiring and promotional practices and discriminatory job classifications. Subsequently, the EEOC made efforts at conciliation with MEPA but the efforts were not successful in reaching an agreement. The EEOC then filed this action against MEPA under Section 706(f)(1) of Title VII, Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e–5(f)(1).

The IBEW and Local 605 were named as respondents in the charge filed by Holmes but by affidavits and admissions in the proceedings below it was clear that neither of these two respondents were notified by the EEOC of the charges against them, investigations of them were not conducted, reasonable cause determinations were not made on the charges against them nor were either contacted to participate in the conciliation process between the EEOC and MEPA. The District Court granted the IBEW and Local 605 Motions to Dismiss for lack of subject matter jurisdiction on the basis that the EEOC completely failed to meet the statutory prerequisites of an EEOC suit against them. The EEOC does not appeal the dismissal of IBEW and Local 605.

MEPA also filed a Motion to Dismiss for lack of subject matter jurisdiction on the basis that EEOC failed to meet the jurisdictional prerequisites to file suit since it failed to notify, investigate, make a reasonable cause determination and conciliate with two of the three respondents named in the charge. In other words, MEPA took the position that the failure of the EEOC to comply with their statutory obligations as to *all respondents* named in a charge precluded the EEOC from filing suit against *any respondent* named in the charge regardless of whether or not the EEOC had fulfilled their obligations regarding that respondent against whom the suit was filed. In response, the EEOC argued that it made sufficient inquiry into the charge against IBEW and Local 605 to determine that a full scale investigation of those respondents was inappropriate. The EEOC further argued that even though it had failed to meet the jurisdictional prerequisites of suit

against IBEW and Local 605, that failure has no effect on the court's jurisdiction of the claims against MEPA.

In considering MEPA's motion, the District Court examined the applicable statutory provision[1] and related case law and found that EEOC's compliance with the statute is a condition precedent and a jurisdictional prerequisite to suit under 42 U.S.C. § 2000e–5(f)(1). However, the Court also cautiously noted that, but for one exception, all of the cases supportive of MEPA's Motion to Dismiss involved dismissals of EEOC suits against parties with whom the EEOC had failed to follow their statutory obligations. The sole exception is a case almost factually identical to the case here.

*Equal Employment Opportunity Commission v. United States Pipe and Foundry Co.*, 375 F.Supp. 237 (N.D.Ala.1974), involved a charge of a racially discriminatory seniority system against both the employer and a union local. The EEOC served notice of charges, investigated, and found reasonable cause to exist against both the employer and union local. However, the EEOC undertook conciliation with the employer only. After inability to reach a satisfactory conciliation agreement, the EEOC filed suit against both the employer and the union local alleging the collective bargaining agreement aided the employer's discriminatory practices. In dismissing the EEOC's suit the Court explored the legislative history and Congressional intent; found that the conciliation process was and, under the 1972 amendments, remained an integral part of Title VII enforcement; held that a bona-fide effort to conciliate a charge with *all* respondents *before* bringing suit is a prerequisite under 42 U.S.C. § 2000e–5(f)(1);

1.  42 U.S.C. § 2000e–5(b) provides:

    Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer ... (or) labor organization has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge ... on such employer ... (or) labor organization ... within ten days, and, shall make an investigation thereof.... If the Commission determines after such investiga-

    tion that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action.... If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.

and concluded that the failure to conciliate with one of the respondents (the union) was fatal to the subject matter jurisdiction of the District Court.

In applying the *U. S. Pipe and Foundry* rationale to the case before it, the District Court found an even stronger factual setting for dismissal since the EEOC in this case had completely failed to include two of three respondents in any part of its most basic required functions. The District Court found this reason alone enough to dismiss the case against MEPA. However, the District Court went further. Finding that the basis of Holmes' charge concerned the collective bargaining agreement between the respondents, the Court also held that the failure to include the union–respondents in the conciliation process prejudiced MEPA's efforts at conciliation, for had reasonable cause been found against the union–respondents their participation may have prompted voluntary compliance. On these two grounds, the District Court concluded that it lacked jurisdiction and dismissed the suit.

On appeal, the EEOC first contends that its failure to include the union–respondents in its conciliation process can serve no basis for dismissal of its suit against MEPA particularly since the EEOC's complaint alleges discriminatory conduct against MEPA alone. Alternatively, the EEOC contends that, even if the inclusion of the union–respondents in the administrative process was a statutory prerequisite to filing suit, MEPA was in no way prejudiced by the EEOC's failure to do so.

The precise issue for our determination is whether an employer named in a charge filed with the EEOC may assert, as a bar to prosecution of a suit against it by the EEOC, the failure of the EEOC to follow the statutorily mandated administrative procedures regarding other named union respondents in the same charge. In searching for guidance with this issue, we have found that the EEOC is bound to pursue a good faith effort in following its administrative procedures against *all named respondents* in a charge of discrimination filed with it.

*E. E. O. C. v. Pet, Incorporated, Funsten Nut Division*, 612 F.2d 1001 (5th Cir. 1980). Indeed, this Court has stated that the EEOC's failure to follow these procedures concerning a respondent deprives a federal district court of subject matter jurisdiction in a suit by the EEOC against that respondent. *Marshall v. Sun Oil Company (Delaware)*, 605 F.2d 1331, 1338, n.8 (5th Cir. 1979). *E. E. O. C. v. Airguide Corp.*, 539 F.2d 1038 (5th Cir. 1978), involved the failure of the respondent to receive an EEOC notice of charge letter within the 10–day period. The District Court in that case held that failure to comply with the time requirements precluded an EEOC suit against the respondent. This Court, on appeal, recognized the importance of the procedural requirements of Title VII and set forth certain rules regarding the consequences of noncompliance. When the EEOC ignores, fails to obey or capriciously deprives a respondent of its administrative procedures, no suit may be prosecuted against that respondent regardless of prejudice. On the other hand, when the EEOC "makes every attempt to comply" with those procedures and there has been "virtual compliance with all the statutory procedural steps" and where the defect in compliance is unintentional or actual compliance is rendered ineffective by unforeseeable and uncontrollable circumstances, then the EEOC will be barred from prosecuting its suit only upon a clear showing of substantial prejudice to the respondent. In *Airguide* this Court found the defect in compliance minor and unintentional and remanded the case for an evidentiary hearing to determine prejudice.

In applying the *Airguide* rules to the case at hand there can be no doubt that the District Court would have been without jurisdiction to allow a suit against the union respondents. However, the distinguishing fact of crucial importance between *Airguide* and this case is that this Court was speaking only to a situation where the EEOC fails to follow its procedures with the respondent it attempts to sue. We decline to apply the *Airguide* rules to the situation as we have before us. Instead, we hold that whenever the EEOC fails to ob-

serve its administrative procedures regarding one of two or more respondents, in order for the respondent with whom the EEOC has observed its procedures to successfully bar suit (absent a finding that the other respondents are indispensable parties), the sued respondent must make a showing of prejudice that the EEOC's inclusion of those other respondents may have obviated the necessity of litigation.

Although the District Court below made this precise finding of prejudice in favor of MEPA, it should have held an evidentiary hearing to allow both sides to present their evidence with the burden of showing prejudice upon MEPA. We indicate no view on the proper resolution of such hearing.

REVERSED and REMANDED.