EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Appellant,

v.

BURLINGTON NORTHERN,
INC., Appellee.

EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Appellee,

v.

BURLINGTON NORTHERN,
INC., Appellant.

Nos. 80–1207, 80–1231.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1980.

Decided March 20, 1981.

Melissa Fish Langa, Leroy D. Clark, Gen. Counsel, Joseph T. Eddins, Jr., Associate Gen. Counsel, Lutz Alexander Prager, Atty., E. E. O. C., Washington, D. C., for appellant-cross-appellee.

Barry McGrath, Burlington Northern, Inc., St. Paul, Minn., Frank J. Magill, Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, N. D., for appellee-cross-appellant.

Before LAY, Chief Judge, BENNETT,* Court of Claims Judge, and HENLEY, Circuit Judge.

HENLEY, Circuit Judge.

The Equal Employment Opportunity Commission (EEOC) appeals from the district court's order granting summary judgment for Burlington Northern. The single issue on appeal is whether the EEOC's failure to serve respondent employer with notice of a charge of discrimination within the ten-day period specified by § 706(e) of Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e) (as amended), is fatal to an action brought by the EEOC.

On August 23, 1976 Lynette Forrest filed a charge of employment discrimination with the EEOC. She alleged that Burlington Northern discriminated against her on August 19, 1976 by refusing to hire her because of her sex.

Under § 706(e), the EEOC should have served Burlington Northern with notice of

* Marion T. Bennett, Judge, United States Court of Claims, sitting by designation.

the charge by September 2, 1976.[1] However, the notice was not mailed by the Commission until September 17, 1976, and not received by Burlington Northern until September 27, 1976. The Commission conducted an investigation and determined that there was reasonable cause to believe the charge was true. On October 5, 1978 the Commission notified Burlington Northern that efforts to conciliate the charge had been unsuccessful.

The EEOC filed the instant suit on May 31, 1979,[2] alleging that Burlington Northern unlawfully refused to hire Ms. Forrest because of her sex. The district court granted Burlington Northern's motion for summary judgment on the ground that notice of the original charge had been untimely.

On appeal, Burlington Northern urges that service of notice within ten days is a prerequisite to further action by the agency. Appellee insists that we need not look beyond the plain meaning of the statute to determine that untimely notice bars an EEOC suit under Title VII. On the other hand, the EEOC contends that the ten-day notice requirement is not absolute. The Commission argues that noncompliance does not preclude further administrative or judicial action. We agree, substantially, with the Commission and reverse.

The issue of untimely notice in the context of an EEOC suit[3] is one of first impression before this court and has been addressed only infrequently elsewhere.[4] The only appellate court decision on this issue is *EEOC v. Airguide Corp.*, 539 F.2d 1038 (5th Cir. 1976).[5] In *Airguide*, Commission records showed that notice had been mailed to the employer within ten days of the filing of the charge. Airguide, however, maintained that the notice was never received. It claimed that the first indication that a charge had been filed came almost a year later when the Commission requested information from Airguide in connection with its investigation of the charge. The district court found that timely notice was not received and dismissed the action on the ground that the defect was jurisdictional. The court of appeals reversed, holding that the Commission's failure to serve notice

---

1. Section 706(e) provides in relevant part:
   A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter
   . . . .
   Although the parties have focused solely on § 706(e), the same ten-day notice provision is contained in § 706(b) of Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(b) (as amended).
   The Commission's own regulation merely tracks the statutory language. 29 C.F.R. § 1601.14(a) (1979).

2. No claim has been presented and we do not decide whether the delay of thirty-three months from filing of the charge to institution of suit bars the action. *Cf. EEOC v. Liberty Loan Corp.*, 584 F.2d 853 (8th Cir. 1978).

3. A number of courts have considered the nature of the ten-day notice requirement when the charging party brings her own suit. Most courts have concluded that a defect in notice is no bar to a private suit, at least in the absence of prejudice to the defendant. *See, e. g., Smith v. American President Lines, Ltd.*, 571 F.2d 102, 107 n.8 (2d Cir. 1978); *NOW v. Sperry Rand Corp.*, 457 F.Supp. 1338, 1342–43 (D.Conn. 1978); *Heath v. D. H. Baldwin Co.*, 447 F.Supp. 495, 501–02 (N.D.Miss.1977); *Fesel v. Masonic Home, Inc.*, 428 F.Supp. 573, 576 (D. Del. 1977).

4. *See EEOC v. Airguide Corp.*, 539 F.2d 1038, 1041–42 (5th Cir. 1976); *EEOC v. Sears, Roebuck and Co.*, 490 F.Supp. 1245, 1254 n.17 (M.D. Ala. 1980); *EEOC v. Bray Lumber Co.*, 478 F.Supp. 993, 997 (M.D.Ga.1979); *EEOC v. U. S. Fidelity & Guaranty Co.*, 420 F.Supp. 244, 249–51 (D.Md.1976); *EEOC v. Children's Hospital*, 415 F.Supp. 1345, 1347 n.1 (W.D.Pa. 1976), *rev'd in part on other grounds*, 556 F.2d 222 (3d Cir. 1977), *cert. denied*, 434 U.S. 1009, 98 S.Ct. 718, 54 L.Ed.2d 751 (1978); *EEOC v. T. Marzetti Co.*, 411 F.Supp. 1036, 1038–39 (S.D. Ohio 1976). *See also Chromcraft Corp. v. EEOC*, 465 F.2d 745, 746–49 (5th Cir. 1972) (pre-amendment law); *EEOC v. Nicholson File Co.*, 408 F.Supp. 229, 236 (D.Conn.1976) (pre-amendment law).

5. Language in a recent Fifth Circuit opinion suggests that court's adherence to the *Airguide* decision. *EEOC v. Magnolia Electric Power Association*, 635 F.2d 375 (5th Cir. 1981).
   For critical evaluation of the *Airguide* decision, *see* 46 U. Cinn. L. Rev. 289, 295–97 (1977).

within ten days was not a per se bar to an EEOC suit. The court reasoned that such noncompliance should not be fatal unless the employer proved that prejudice had resulted.

It is reasonable to conclude that Congress did not intend to allow the Commission to decide capriciously or arbitrarily whether or not notice of a charge of discrimination is to be sent to the alleged violator. . . .

But neither do we have reason to think that Congress intended to prevent the Commission from suing because of an unintentional defect in compliance, without a showing that such 'non-compliance' has caused prejudice to the defendant-employer. This is especially true where, as here, such non-compliance was actually compliance rendered ineffective by unforeseeable and uncontrollable circumstances.

539 F.2d at 1041.

The district court in the present case construed the ten-day notice provision as a limitations period[6] and held the Commission's failure to comply therewith was fatal to its action. The court found support for this interpretation in language of *Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355,

97 S.Ct. 2447, 53 L.Ed.2d 402 (1977). In *Occidental,* the Supreme Court held: (1) that Title VII does not require the Commission to bring an enforcement action within one hundred eighty days of the filing of a charge with the EEOC; and (2) that the action is not governed by any state statute of limitations. The Court emphasized that, in the ordinary case, the statutory requirements of filing of a charge with the EEOC within one hundred eighty days of the alleged discrimination and notice of the charge to the employer within ten days of filing would protect adequately the Title VII defendant from the burden of defending a stale claim.[7]

Although the Court stressed the importance of prompt notice in the Title VII scheme, it did not decide that any defect in the notice automatically would bar further agency action. Thus, we do not read its discussion of the § 706(e) time limits to foreclose consideration of mitigating factors in an appropriate case.

As *Occidental* and *Airguide* suggest, the procedural framework of Title VII reflects a tension between the statutory goals of vindicating the interests of the charging party and protecting the due process rights of the defendant. Both of these concerns

---

6. We agree with the implicit holding of the *Airguide* court that § 706(e) notice is not jurisdictional. The district court here correctly concluded that the defective notice did not affect its power to hear the case.

We do not reach the further question, however, whether the provision is best characterized as merely "directory" or as a "limitations period" subject to equitable extension or modification.

7. 432 U.S. at 371–72, 97 S.Ct. at 2457 (footnotes omitted):

Congress did express concern for the need of time limitations in the fair operation of the Act, but that concern was directed entirely to the initial filing of a charge with the EEOC and prompt notification thereafter to the alleged violator. The bills passed in both the House and the Senate contained short time periods within which charges were to be filed with the EEOC and notice given to the employer. And the debates and reports in both Houses made evident that the statute of limitations problem was perceived in terms of these provisions, rather than in terms of a later limitation on the EEOC's power to sue.

That perception was reflected in the final version of the 1972 Act, which requires that a charge must be filed with the EEOC within 180 days of the alleged violation of Title VII, and that the alleged violator must be notified "of the charge (including the date, place and circumstances of the alleged unlawful employment practice) ... within ten days" thereafter.

. . . .

The absence of inflexible time limitations on the bringing of lawsuits will not, as the company asserts, deprive defendants in Title VII civil actions of fundamental fairness or subject them to the surprise and prejudice that can result from the prosecution of stale claims. Unlike the litigant in a private action who may first learn of the cause against him upon service of the complaint, the Title VII defendant is alerted to the possibility of an enforcement suit within 10 days after a charge has been filed. This prompt notice serves, as Congress intended, to give him an opportunity to gather and preserve evidence in anticipation of a court action.

are evident in the legislative history of the Equal Employment Opportunity Act of 1972, Pub.L. No. 92–261, 86 Stat. 103 (1972).[8] On one hand, the notice provision was characterized as intended to ensure fairness and due process to the person against whom a charge is filed.[9] Alone, this purpose would support the view that noncompliance is a complete bar to the present action. On the other hand, however, Congress cautioned that it did not intend "that failure to give notice of the charge to the respondent within ten days would prejudice the rights of the aggrieved party."[10] This imprimatur militates against requiring strict compliance, at least where the interests of the individual complainant are at stake.

Although an EEOC suit is brought, in part, to vindicate the public interest in preventing employment discrimination, *General Telephone Co. v. EEOC*, 446 U.S. 318, 325–26, 100 S.Ct. 1698, 1703–04, 64 L.Ed.2d 319 (1980), it is evident from the relief requested here that the Commission sues on behalf of the charging party.[11] Thus, that the EEOC is the nominal plaintiff in this action does not obviate the prejudice to Ms. Forrest's interests which would result if the action were barred by the Commission's procedural default.[12] *Cf.* cases cited note 3 *supra.*

In light of the role of the ten-day notice provision in the Title VII scheme, the legislative history, and our reading of *Occidental*, we believe that untimely notice under section 706(e) is not an absolute and automatic bar to an EEOC enforcement action. However, we do not give the Commission free reign to disregard the notice provision. When an employer raises the failure of timely notice as a defense, the EEOC is

---

**8.** Prior to the 1972 Act (amending Title VII) the statute contained no time limitation for notifying an employer of a charge of discrimination. Section 706(b) of Title VII, Civil Rights Act of 1964, required the Commission to furnish respondent a copy of the charge but contained no time period for so doing.

The EEOC had adopted the practice of delaying service of the charge until it began its investigation. The Commission believed this would prevent deliberate destruction of records and retaliation against the charging party. This approach, however, tended to delay or preclude voluntary settlements and increased the risk that records and testimony would be lost inadvertently. Congress responded by adding the ten-day notice requirement. See B. Schlei and P. Grossman, Employment Discrimination Law 774–75 (1976); Note, Developments in the Law: Employment Discrimination and Title VII of the Civil Rights Act of 1964, 84 Harv.L.Rev. 1109, 1209–10 (1971).

**9.** The Report of the Senate Committee on Labor and Public Welfare on Senate Bill S.2515 containing the ten-day notice provision commented:

Recognizing the importance that the concept of due process plays in the American ideal of justice, the committee wishes to emphasize certain provisions which are included in the bill to insure that fairness and due process are part of the enforcement scheme.

(a) Protection of rights of respondent.— The bill contains a number of provisions designed to protect fully the rights of the person or persons against whom the charge is filed:

1. The committee retained the requirement that charges must be in writing. The Commission must serve respondent with a notice of the charge, which would advise the respondent of the nature of the alleged violation. As amended by the committee the bill would require such notice to be served within ten days. (sec. 706(b)).

S.Rep.No.415, 92d Cong., 1st Sess. 25 (1971).

**10.** Section-by-Section Analysis, § 706(b), introduced by Senator Williams (sponsor of the Senate bill which contained the ten-day notice provision) to accompany the Conference Committee Report on the 1972 Act, *reprinted in* Equal Employment Opportunity Act of 1972, at 129 (1973).

In its discussion of § 706(e) the Analysis added:

[W]ide latitude should be given individuals . . . to avoid any prejudice to their rights as a result of government inadvertence, delay or error.

*Id.* at 130.

**11.** The specific remedies requested by the complaint are (1) injunctive relief prohibiting Burlington Northern from discriminating against Ms. Forrest because of her sex and requiring Burlington Northern to hire Ms. Forrest and (2) backpay for Ms. Forrest.

**12.** We do not reach the issue of the balance between the competing interests to be struck when the EEOC suit is not brought primarily to vindicate the rights of an individual claimant.

charged with explaining to the district court the reasons for such delay. *Cf. EEOC v. Liberty Loan Corp.*, 584 F.2d 853, 857–58 (8th Cir. 1978). If the Commission's explanation, together with inferences to be drawn from the length of the delay itself, suggest that the delay was not willful or in bad faith, *cf. EEOC v. Airguide Corp.*, 539 F.2d 1038, 1041–42 (5th Cir. 1976), the court then must evaluate evidence of prejudice presented by the defendant.[13] *Cf. EEOC v. Liberty Loan Corp.*, 584 F.2d at 857–58; *EEOC v. Laclede Gas Co.*, 530 F.2d 281, 283–84 (8th Cir. 1976); *EEOC v. Hickey-Mitchell Co.*, 507 F.2d 944, 948 (8th Cir. 1974).

Thus, failure of timely notice may preclude an EEOC action if either willfulness or bad faith on the part of the agency or substantial prejudice to the employer is shown.[14] This interpretation is consistent with the congressional goals of protecting the rights of the aggrieved party, shielding employers from stale claims, and promoting EEOC action as the primary mechanism for implementing the policies of the Act.

The judgment is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.[15]

---

13. We do not hold, as the Commission requests, that there can be no prejudice as a matter of law if the employer is given notice any time within the applicable one hundred eighty day or three hundred day period for filing of the charge.

14. Implicit in our holding is the possibility that, if bad faith or prejudice is shown, relief for a charging party, who has relied on the EEOC to litigate her claim, may be barred. This result is not unjust in light of Congress' stated concern for protecting the rights of Title VII defendants and the individual claimant's right to pursue a private lawsuit.

15. Because we reverse in No. 80–1207, the cross-appeal of Burlington Northern in No. 80–1231, claiming a right to attorney's fees as the prevailing party, is mooted.