Gail Russell FISHER, Respondent,

v.

EASTERN AIR LINES, INC., Appellant.

No. C7–87–780.

Supreme Court of Minnesota.

Oct. 30, 1987.

Dale E. Beihoffer, David J. Goldstein, Minneapolis, for appellant.

John H. Guthmann, St. Paul, for respondent.

YETKA, Justice.

Respondent Gail Russell Fisher filed suit in district court pursuant to Minn.Stat. § 363.14 (1984) alleging that appellant Eastern Air Lines, Inc., discriminated against her on the basis of marital status in violation of the Minnesota Human Rights Act. Eastern Air Lines moved for summary judgment on the grounds that the trial court lacked subject matter jurisdiction and that *res judicata* and collateral estoppel barred further litigation. The court denied the motion, finding that dismissal of respondent's prior discrimination charge on procedural grounds did not preclude her from seeking relief on the same claim in district court. The trial court then certified the following question as important and doubtful pursuant to Minn.R.Civ.App.P. 103.03(h):

> Does the Minnesota Human Rights Act allow respondent Fisher to commence a private civil action in district court after the decision by the Minnesota Court of Appeals in *State by Gomez–Bethke v. Eastern Air Lines*, 346 N.W.2d 184 (Minn.App.1984)?

The trial court answered this question in the affirmative. We also answer the question in the affirmative.

Appellant Eastern Air Lines, Inc., (Eastern) employed respondent Gail Russell Fisher and her husband as ticket agents at Boston's Logan International Airport. In March of 1978, respondent's husband voluntarily transferred to the Minneapolis–St. Paul International Airport. However, respondent was denied permission to transfer to that same airport based on an Eastern policy prohibiting relatives from working for the same manager. Respondent took a 6–month leave of absence beginning March 31, 1978, hoping that a position would open in one of Eastern's Minneapolis or St. Paul downtown ticket offices. Although a posi-

tion did open at the airport, no positions became available in the downtown offices.

On August 11, 1978, respondent sent a letter to the Minnesota Department of Human Rights (MDHR) setting forth the above facts and alleging that the policy discriminated on the basis of marital status in violation of the Minnesota Human Rights Act. On March 9, 1979, respondent filed a verified affidavit with MDHR complaining of discrimination. A "Charge of Discrimination" form was completed by MDHR and signed by respondent on April 2, 1979. Eastern was finally notified of the charge for the first time on April 5, 1979.

On April 6, 1983, MDHR filed a complaint based on respondent's charges against Eastern. Eastern then filed a motion to dismiss, alleging that the charge was not filed within 6 months of the alleged discrimination as required by Minn. Stat. § 363.06, subd. 3. MDHR and Eastern stipulated to the controlling facts and to the use of a deposition of one of respondent's witnesses in lieu of a formal evidentiary hearing. The examiner determined that respondent had met the 6-month requirement by sending the August 11, 1978 letter to MDHR. However, the examiner also found that MDHR had not notified Eastern of the charges within the 5-day time period prescribed by Minn.Stat. § 363.06, subd. 3 (1978). The examiner noted that, even if the 5-day limit were not jurisdictional in nature, the substantial prejudice to Eastern from the delay justified dismissal of the charge. The examiner's dismissal indicated that any person aggrieved by the decision could appeal.

Although respondent did not appeal, MDHR did seek appellate review. The Minnesota Court of Appeals affirmed the examiner's decision, indicating in a footnote that Minn.Stat. § 363.06, subd. 3 is not jurisdictional but, rather, is subject to principles of equitable tolling. *State by Go-*

*mez–Bethke v. Eastern Air Lines,* 346 N.W.2d 184, 186, n. 1 (Minn.App.1984). The court agreed that Eastern had been prejudiced and that MDHR's claim should, therefore, be dismissed. This court denied further review in September 1984.

In October 1984, respondent initiated this suit in district court pursuant to Minn.Stat. § 363.14 (1984) alleging the same discrimination claim. This section allows a charging party to file suit in district court after a complaint has already been filed with MDHR:

> A person may bring a civil action seeking redress for an unfair discriminatory practice:
>
> \* \* \* \* \* \*
>
> (b) Notwithstanding the provisions of any law to the contrary, \* \* \* (3) after 45 days from the filing of a charge pursuant to section 363.06, subdivision 1 *if a hearing has not been held pursuant to section 363.071* or if the commissioner has not entered into a conciliation agreement to which the charging party is a signator.

Minn.Stat. § 363.14, subd. 1 (1984) (emphasis added).

Eastern moved for summary judgment on the grounds that the trial court lacked subject matter jurisdiction and that *res judicata* and collateral estoppel barred further litigation. The trial judge denied Eastern's motion. First, the trial judge rejected Eastern's argument that respondent was barred from litigating this suit because she did not meet the requirement of section 363.14 that no prior administrative hearing has been held. The trial judge ruled that section 363.14 was not a jurisdictional prerequisite to filing a civil suit. The trial judge next concluded that respondent had filed her discrimination charge within the required 6-month time limit after the discriminatory act[1] and that the failure of MDHR to notify Eastern within 5

---

1. The trial judge reached the conclusion that the 6-month requirement had been met in a different manner than did the hearing examiner and court of appeals in *Eastern I.* The trial judge determined that respondent was last affected by the discrimination on September 30, 1978, the last day of her leave of absence. Thus, respon-

dent's verified affidavit of March 9, 1979, was made within 6 months. The hearing examiner and court of appeals, on the other hand, found that the discrimination occurred in March 1978 and that respondent met the 6-month requirement with her letter of August 11, 1978, to MDHR.

days of the charge did not preclude respondent's civil action. Finally, the trial judge rejected Eastern's arguments regarding *res judicata* and collateral estoppel.

With respect to the 5–day notification requirement, the trial judge stated that it was not jurisdictional in nature, but was enforceable only if substantial prejudice existed. The judge then posed the question before him as "whether the failing of the state agency should be permitted to bar the plaintiff from pursuing a remedy in District Court." The judge noted that federal cases indicate that a plaintiff should not be penalized for the errors of an administrative agency if to do so would defeat the remedial purpose of the legislation. The trial judge then found that MDHR's failure to meet the 5–day notification requirement would not bar respondent's private civil action.

Although we agree with the trial judge that respondent has a private cause of action, our decision is based on narrower grounds. The question certified by the trial judge essentially asks whether respondent's civil suit is barred because of the prior dismissal of MDHR's action on procedural grounds. Neither of the parties sets forth in their briefs a specific legal issue raised by this general question. However, we believe that the basic issue that must be resolved in order to answer the certified question is whether the hearing examiner's dismissal of the MDHR's action on procedural grounds constituted a "hearing" within the meaning of Minn.Stat. § 363.071 (1984) for purposes of bringing a civil action under Minn.Stat. § 363.14, subd. 1(b) (1984). We hold that there was no such hearing.[2]

During the administrative proceedings, Eastern filed a motion to dismiss on procedural grounds. The fact that the motion was not decided before the time set for hearing on the merits did not, in our opinion, convert the motion into a hearing pursuant to the act. The hearing officer decided this procedural motion prior to litigating

the merits of the charge. In fact, he closed his memorandum in support of his findings with the language: "In view of the dismissal of this matter, it is unnecessary and inappropriate to consider the merits of the Fisher's charge." Having in mind that this statute was intended to be construed liberally, we conclude that no hearing occurred within the meaning of section 363.-071 for purposes of bringing a private civil action under section 363.14.

Eastern made much at oral argument of the opportunity for respondent to intervene at the administrative proceeding and appeal from the hearing officer's decision. Eastern argued that respondent, at that time, could have raised the issue of whether her substantive rights were imperiled by the adverse administrative decision. Respondent's attorney, on the other hand, argued that it would have done little good for the respondent to have so appealed since the scope of her appeal could not expand beyond the issues raised in the appeal by MDHR. While we need not decide that issue, we feel compelled to point out that it seems inappropriate to require a complainant to hire outside legal counsel to insure that a state agency required by law to process her complaint does not err in following the statutory procedure. One required to file a complaint with a state agency should be able to rely upon that agency and the attorney general's staff to enforce the agency's own statutory responsibilities.

The issue presented in this case should not arise in the future because the statute has been amended since respondent's cause of action arose. The statute now allows a person the option of an administrative proceeding or a direct private civil suit in district court. Minn.Stat. § 363.14 (1986). A person is no longer required first to direct a charge to MDHR for administrative proceedings prior to filing a private civil action.

Having found that a "hearing" was not held for the purposes of the Minnesota Human Rights Act, we also conclude that

---

**2.** Because we find that respondent's suit satisfies the section 363.14 requirement that no hearing has been held, we need not reach the broader

issue of whether a failure to meet section 363.14 requirements acts as a jurisdictional bar to a private cause of action.

the doctrines of *res judicata* and collateral estoppel do not preclude respondent's private civil action. The certified question is thus answered in the affirmative.