STATE of Minnesota by Jayne B. KHALI-FA, Acting Commissioner, Department of Human Rights, Relator,

v.

RUSSELL DIETER ENTERPRISES, INC., d.b.a. Montevideo Variety, Inc. and Ben Franklin Variety Store, Respondent.

No. C5–87–1653.

Court of Appeals of Minnesota.

Jan. 26, 1988.

Review Granted April 15, 1988.

Hubert H. Humphrey, III, Atty. Gen., Carl M. Warren, Sp. Asst. Atty. Gen., St. Paul, for relator.

Robert S. Halagan, Felhaber, Larson, Fenlon and Vogt, Minneapolis, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and LANSING and FORSBERG, JJ.

## OPINION

NIERENGARTEN, Judge.

Linda Morgan appeals the final agency decision in her sexual harassment case against Russell Dieter Enterprises. The decision following Dieter's motion for summary judgment arguing the charge was not timely filed. We reverse.

## FACTS

Linda Morgan was employed as a clerk at the Ben Franklin Variety Store in Montevideo, Minnesota from May 1983 to July 18 or 19, 1983. The Ben Franklin is owned by Russell Dieter Enterprises, Inc. (Dieter). Morgan alleges she was subjected to continuous verbal and physical sexual harassment by the manager of the store, including statements concerning her anatomy and incidents where the manager would grab her and kiss or attempt to kiss her.

Morgan alleges that on July 16, 1983, the manager grabbed her, forced her onto his lap, held her shoulders down and began kissing her. Morgan struggled free and returned to her work station. The manager later approached Morgan and told her he was cutting her hours to 20 per week. The next day Morgan filed a report with the Montevideo police and, a day or so later, submitted a letter of resignation to the manager, stating she was resigning because of sexual harassment.

On January 4, 1984, the Department of Human Rights (Department) received a letter dated December 30, 1983, indicating

Morgan wished to file a complaint for sexual harassment and employment discrimination. The letter identified the parties and described the alleged activities.

On January 17, 1984, the Department received an intake questionnaire form completed and signed by Morgan, to which was attached a copy of the July 17, 1983, statement to the Montevideo police. The statement also identifies the parties and describes the actions at issue. Each page is signed by Morgan and witnessed by the police officers. Above Morgan's signature appears the statement:

I have read each page of this statement consisting of 3 pages, each page of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

On March 14, 1984, the Department received the formal verified charge from Morgan. The Department served Dieter with notice of the formal charge on April 4, 1984.

The Department found probable cause existed to believe there had been a violation of the Minnesota Human Rights Act and issued a complaint and notice for hearing. On March 6, 1987, Dieter filed a motion for summary judgment alleging the charge was not filed in a timely manner. On July 24, 1987, the administrative law judge granted Dieter's summary judgment motion and dismissed the complaint.

## ISSUE

Is the time limit for filing a verified charge a jurisdictional prerequisite to proceeding under the Human Rights Act or is the filing requirement a statute of limitations which may be tolled for equitable reasons?

## ANALYSIS

■ Under the Administrative Procedure Act, the reviewing court may reverse or modify the decision of an administrative law judge if it appears the decision was based on an erroneous legal theory. Minn. Stat. § 14.69 (1986). At the time this case arose, the Minnesota Human Rights Act provided:

Any person aggrieved by a violation of this chapter may bring a civil action * * * or may file a verified charge with the commissioner * * * stating the name and address of the person alleged to have committed an unfair discriminatory practice, setting out the details of the practice complained of * * *. The commissioner within five days of the filing shall serve a copy of the charge and a request for a response upon the respondent * * *.

\*        \*        \*        \*        \*        \*

A claim of an unfair discriminatory practice must be brought as a civil action pursuant to section 363.14, subdivision 1, clause (a), or filed in a charge with the commissioner within six months after the occurrence of the practice.

Minn.Stat. § 363.06, subds. 1, 3 (1982). Dieter argues that the filing of a timely verified charge was a jurisdictional prerequisite that could not be waived or tolled, and that Morgan failed to satisfy the requirement.

■ A statute of limitation may bar an action but does not deprive the court of jurisdiction to determine if the facts of a particular case justify equitable relief. A jurisdictional requirement, if not met, bars the court from considering the matter. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed. 2d 234 (1982).

This issue previously was addressed by the supreme court in *Carlson v. Independent School District No. 623*, 392 N.W.2d 216 (Minn.1986). In 1976, five teachers served a complaint charging their employers, five separate school districts, with sex discrimination in their pregnancy leave policies. The teachers in *Carlson* first filed a complaint with the Department of Human Rights naming the five school districts and "all other defendants similarly situated." After litigation in federal court resulted in dismissal of the federal Title VII claims, the case was returned to state court.

In 1982, the plaintiffs moved for class certification for all female teachers denied

use of sick leave for pregnancy-related absence and a class of defendants including all school districts. The school districts opposed the motion and it was denied. After denial, a number of individual teachers moved to intervene and join their school districts. The motion was granted and the school districts moved for summary judgment.

The trial court granted the school districts' motion and found that the filing requirement was jurisdictional. Relying on *Zipes*, we reversed the trial court because we concluded Minn.Stat. § 363.06, subd. 3 was similar to a comparable provision in Title VII and therefore a filing requirement which could be waived or tolled. *See Carlson v. Independent School District No. 283*, 370 N.W.2d 51, 54 (Minn.Ct.App.1985). However, on further review the Minnesota Supreme Court said we incorrectly relied on the *Zipes* decision when this court interpreted the Minnesota Human Rights Act, in part because the scope of liability was more "onerous" under our state law than under Title VII. *See Carlson v. Independent School District No. 623*, 392 N.W.2d at 220–21. The supreme court held that the timely filing requirement was jurisdictional and not a statute of limitations. *See id.* at 222.

■ *Carlson* case is distinguishable from the present case. When the *Carlson* case was filed, a party could not maintain a private action unless a charge was first filed with the Department of Human Rights. *See* Minn.Stat. § 363.14, subd. 1 (1976); *Carlson*, 392 N.W.2d at 219. The intervening teachers in *Carlson* never filed the required charge. This filing requirement remained unchanged until 1981 when Minn.Stat. § 363.06 was amended to allow persons to bring actions directly in district court. The supreme court specifically stated in *Carlson* that its holding on the jurisdictional nature of section 363.06, subdivision 3 only applied to cases arising before 1981. *See id.* at 220. When Morgan's case arose in 1983, the six-month filing requirement under section 363.06, subdivision 3 was not jurisdictional, but a statute of limitations subject to equitable relief. The leg-islature subsequently amended the statute to increase the filing time to 300 days and clearly indicated that this was a statute of limitations. *See* Minn.Stat. § 363.06, subd. 3 (1984).

■ Regardless, Morgan met the requirement for filing a verified charge within the six-month period. Morgan's last day of work was July 18 or 19, 1983. By January 17, 1984, the Department had a registered letter from Morgan's attorney, an intake questionnaire and a copy of Morgan's statement to the Montevideo police.

The provisions of the Human Rights Act must be construed liberally to achieve the purposes of the act. *See* Minn.Stat. § 363.11 (1982). Section 363.06, subdivision 1 required an aggrieved person to file

> a verified charge with the commissioner * * * stating the name and address of the person alleged to have committed an unfair discriminatory practice, setting out the details of the practice complained of * * *.

Under subdivision 3, "[a] claim of an unfair discriminatory practice must be * * * filed in a charge with the commissioner within six months after the occurrence of the practice." Subdivision 1 requires a "verified charge," but the term "verified" is not used in subdivision 3 when describing the time limits.

The term "charge" is not defined in the statute. The rules of the Department in effect when the case arose define a charge as:

> a sworn written statement filed by any person * * * containing an allegation that a person may have engaged or may be engaging in an unfair discriminatory practice.

Minn.R. 5000.0100, subp. 7 (1983). The rules also have an exception, which states:

> Notwithstanding the provision of part 5000.0100, subpart 7 * * *, a charge is deemed filed when the department receives from a person making a charge a written statement sufficiently precise to identify the parties and describe generally the action or practices complained of.

Minn.R. 5000.0400, subp. 2. The rules also provide that

A charge may be amended; to cure technical defects or omissions; * * *.

Minn.R. 5000.0400, subp. 5.

Morgan signed her police report, which was witnessed by two police officers. Her signature appeared under a statement which stated in part: "I certify the facts contained herein are true and correct." " 'Verified,' when used in reference to writing, means supported by oath or affirmation." Minn.Stat. § 645.45(20) (1982). This signed statement satisfies the need for a "verified" charge.

The purpose of a verified charge is to avoid frivolous claims. See Price v. Southwestern Bell Telephone Co., 687 F.2d 74, 77 (5th Cir.1982). The letter from Morgan's attorney and her completion of the intake questionnaire and attached police report certainly provided an adequate factual basis for the Department to initiate an investigation. See State ex rel. Gomez-Bethke v. Eastern Air Lines, Inc., 346 N.W.2d 184, 185 (Minn.Ct.App.1984), pet. for rev. denied (Minn. Sept. 12, 1984) (the time limit had expired but was satisfied by the timely receipt of an unverified letter); see also Fisher v. Eastern Air Lines, Inc., 414 N.W.2d 403 (Minn.1987).

Finally, there has been no allegation or evidence that Dieter has been prejudiced in any way by the fact that a formal "perfected" charge was not filed until March 14, 1987.

## DECISION

The time limit for filing a verified charge is a statute of limitations and subject to equitable tolling. The communication with the Department by Morgan in early January is sufficient to toll the statute of limitation. In addition, Morgan's letter and attached police report were sufficient to satisfy the requirement of a verified charge. The Department failed to notify Dieter in a timely manner but Dieter has shown no resulting prejudice and in the absence of any showing of prejudice, Morgan should not suffer from the Department's errors.

Morgan has a factual basis for her claim and should be allowed to proceed.

Reversed.